UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

No. 19-mj-1261-DLC
_____

UNITED STATES

v.

GENOVEVA ANDRADE,
Defendant
_____

# MOTION FOR ORDER DIRECTING GOVERNMENT
# TO PRODUCE SPECIAL AGENT DE LAIR
# AT PRELIMINARY HEARING

Pursuant to Fed. R. Crim. Proc. 5.1, the defendant Geneveva Andrade moves the Court for an order directing the government to produce FBI Special Agent Sarah De Lair to testify at the preliminary hearing scheduled for today. In support of this motion, the defendant states:

1. At the defendant's initial appearance on September 6, 2019, the Court scheduled a preliminary hearing for today, September 16, 2019.

2. On Friday, September 13, Assistant U.S. Attorney Tobin asked defendant's counsel to continue the hearing to September 27, or some other agreeable date. Defendant's counsel responded by stating that he had no objection to a continuance, so long as the government agreed not to indict the defendant in the meantime, thereby depriving her of a preliminary hearing. Mr. Tobin's response was, "Thanks for getting back to me. See you Monday."

3. This morning, counsel emailed Messrs. Tobin and Hafer, asking for the identity of the witness the government would be calling and any Jencks material. Mr. Tobin's response was, "I am handling the PC hearing today. I don't plan to call a witness and there are no Jenks *[sic]* materials. See you at 2:00 p.m."

4. The 2002 Advisory Committee Notes make it perfectly clear that the preliminary hearing is more than simply an argument about the sufficiency of the complaint affidavit:

> First, the title of the rule has been changed. Although the underlying statute, 18 U.S.C. § 3060, uses the phrase *preliminary examination*, the Committee believes that the phrase *preliminary hearing* is more accurate. What happens at this proceeding is more than just an examination; it includes an evidentiary hearing, argument, and a judicial ruling. Further, the phrase *preliminary hearing* predominates in actual usage.

5. The Rule itself clearly contemplates that the government is required to present a witness. Rule 5.1(e) provides, in relevant part, "**Hearing and Finding.** At the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence . . ."

6. Clearly, the government is trying to deprive the defendant or her right to a preliminary hearing. The Court should not tolerate such maneuvering. It should order that the government call Special Agent De Lair, the affiant for the complaint application, at today's preliminary hearing.

        Respectfully submitted
        The defendant Genoveva Andrade
        By her attorney

        /s/ Charles W. Rankin

        _____
        Charles W. Rankin
        BBO No 411780
        Rankin & Sultan
        151 Merrimac St.
        Boston, MA 02114
        (617-720-0011

September 16, 2019

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the Electronic Filing System (CM/ECF) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on September 16, 2019.

                                        /s/Charles W. Rankin
                                        Charles W. Rankin