UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

No. 19-mj-1261-DLC

---

UNITED STATES

v.

GENOVEVA ANDRADE,
Defendant

---

**MOTION FOR ORDER DIRECTING GOVERNMENT TO PRODUCE
SPECIAL AGENT DE LAIR AND SPECIAL AGENT LEMANSKI
AT THE CONTINUED PRELIMINARY HEARING**

Pursuant to Fed. R. Crim. Proc. 5.1, the defendant Genoveva Andrade moves the Court for an order directing the government to produce FBI Special Agent Sarah De Lair and IRS Special Agent Sandra Lemanski to appear and testify at a continuation of the preliminary hearing. In support of this motion, the defendant states:

1. At the first day of the preliminary hearing, the government called IRS Special Agent Zachariah Marino. Marino was first involved in the investigation on September 5, 2019, when he became part of the arrest team. To prepare for the hearing, Agent Marino merely read the affidavit in support of the complaint and verified with Agent Lemanski that she prepared Exhibit 1 from an analysis of bank records. He testified that he had no knowledge of the identity of the middlemen or the marijuana vendors, the circumstances of their statements as described in the Affidavit, or their deals.

2. Rule 5.1's purpose is to give a defendant a chance to test the affidavit's showing of probable cause. *See* 2002 Advisory Committee Note.

3. The 2002 Advisory Committee Note make it perfectly clear that the preliminary hearing is more than simply an argument about the sufficiency of the complaint affidavit:

> First, the title of the rule has been changed. Although the underlying statute, 18 U.S.C. § 3060, uses the phrase *preliminary examination*, the Committee believes that the phrase *preliminary hearing* is more accurate. What happens at this proceeding is more than just an examination; it includes an evidentiary hearing, argument, and a judicial ruling. Further, the phrase *preliminary hearing* predominates in actual usage.

4. The Rule itself clearly contemplates that the government is required to present a witness. Rule 5.1(e) provides, in relevant part, "**Hearing and Finding.** At the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence . . ."

5. In order to have a fair chance at contesting the probable cause showing of the affidavit, a defendant must be permitted to question a witness, either on cross or direct, to see if the Affidavit presents a complete picture of the events described.

6. For instance, the Affidavit describes Middleman 2 (David Hebert) as stating that the defendant told him that she had to give Mayor Correia half of her salary to get and keep her job. We now know that Hebert has pled guilty to an Information, admitting that he made false statements to law enforcement officials on January 15, 2019. He also pled guilty to committing extortion and conspiracy to commit extortion. The defendant should be permitted to question the agents as to whether Hebert made false statements to them about Andrade, his promises, rewards, and inducements, and the sequence of disclosures about Andrade.

7. The Affidavit describes MJ Vendor 4 (Charles Saliby) as claiming that Andrade was

present when the Mayor demanded $250,000 from Saliby.  And he says she was present when the Mayor said he would reduce the annual $50,000 payment to the City to $25,000 if Saliby would give him the $25,000 instead.  The defendant wants to question the agents about the circumstances of Saliby's statements about Ms. Andrade, the timing of those disclosures, and what promises, rewards, and inducements have been made to Saliby.

8. The Affidavit claims that Marijuana Vendor 5 (Christopher Harkins) claimed that Ms. Andrade told him that she had to give the Mayor half of her salary in order to get and keep her job.  The defendant wants to question the agents about what promises, rewards, and inducements have been made to Harkins, and the circumstances surrounding his offering statements about Ms. Andrade.

        Respectfully submitted
        The defendant Genoveva Andrade
        By her attorney

        /s/ Charles W. Rankin

        _____
        Charles W. Rankin
        BBO No 411780
        Rankin & Sultan
        151 Merrimac St.
        Boston, MA 02114
        (617-720-0011

September 17, 2019

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the Electronic Filing System (CM/ECF) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on September 17, 2019.

                                      /s/Charles W. Rankin
                                      Charles W. Rankin